In October, 1974, the plaintiff commenced this action against Vernon Reynolds and Thomas Reynolds and the Reynolds Foundry and Manufacturing Corporation. On June 6, 1975, upon motion by the plaintiff,[1] a default was entered against all defendants for failure to appear. On October 31, 1975, after a hearing in damages, the court rendered judgment against the named defendant on the first count only. On February 4, 1976, this defendant filed a motion to open the judgment which the court denied. The defendant assigns error in that denial. The disposition of this first assignment is dispositive of the appeal.
General Statutes 52-212 and Practice Book 286 allow a defendant to move to open a default judgment within four months of the date on which the judgment was rendered. Under those provisions, before a judgment on default may be opened, the moving party must allege and show reasonable cause for relief. Jaquith v. Revson, 159 Conn. 427,432. In his affidavits the defendant deposed that, when the matter came up for trial, he was sick and *Page 560 
unable to attend; he was not represented by a lawyer; he did not have the advice of a lawyer; the bill on which the claim was founded was a corporate bill and not guaranteed by the defendant; in past dealings with the plaintiff there was a contractual agreement for a 10 percent metal deduction loss, which in this instance amounted to $7637.36. The trial court rejected the assigned cause as inadequate on its face. It found no facts. In the absence of a finding we limit our review to the record before us. Gryskiewicz v. Morgan, 147 Conn. 260, 261.
The default which entered against the defendant did not entitle the plaintiff to recover anything more than nominal damages. Cardona v. Valentin,160 Conn. 18, 26; Went v. Schmidt, 117 Conn. 257,259. Before it could recover a greater amount the plaintiff was required to prove how much of the judgment prayed for in the complaint it was entitled to receive. United National Indemnity Co. v. Zullo, 143 Conn. 124, 130. The defendant had the right to be present at the hearing in damages, with or without a lawyer. He also had the right to offer evidence to reduce the amount of damages. Practice Book 296. When a defendant is prevented from offering a defense either in whole or in part owing to circumstances beyond his control there is sufficient cause to open a judgment against him. The allegations contained in the defendant's motion and affidavits were sufficient to meet the requirements of Practice Book 286. Therefore, the court's denial of this motion as facially inadequate was erroneous.
 There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.
PARSKEY, D. SHEA and SPONZO, Js., participated in this decision.