## TOWN OF FARMINGTON v. WESTLAND COMPANY, INC., ET AL.

## TOWN OF FARMINGTON v. GERALDINE D. CONLON ET AL.
### (12072)
### (12073)

PETERS, C. J., HEALEY, PARSKEY, DANNEHY and COVELLO, JS.

Argued January 17—decision released March 12, 1985

*Peter M. Moran,* for the appellant (named defendant in the first case).

*Geraldine D. Conlon,* pro se, the appellant (named defendant in the second case).

*James J. Tancredi,* with whom were *Palmer S. McGee,* and, on the brief, *Neil E. Salowitz,* for the appellee (plaintiff in both cases).

DANNEHY, J. These are two cases, argued together. One is an action for the foreclosure by sale of certain tax liens in favor of the town of Farmington, the other an action for the foreclosure by sale of certain tax liens and liens for an assessment of benefits from the con-

struction of a sewer line in favor of the town of Farmington. They are identical in form and were tried together. In the Superior Court, *Brennan, J.,* denied the defendants' motions to dismiss and refused to hear other motions filed by the defendants. Judgment for foreclosure by sale was rendered in each case in favor of the plaintiff. The cases are here on two appeals, one by each named defendant.

The facts necessary to be stated are few. A default for failure to disclose a defense was entered against the defendants. With the case in this posture, the trial court denied the motions to dismiss and refused hearings on the other motions. Subsequently, judgment for foreclosure by sale was rendered in each case in favor of the plaintiff.

The questions included in the named defendants' statements of issues relate directly or indirectly to their motions for dismissal and the motions with requests for rulings. Since there was no objection to the denial of the motion to dismiss and the refusal to rule on the other motions, the plaintiff insists that there would appear to be nothing from which to appeal. We agree.

The record shows that the defendants were defaulted for failure to disclose a defense; Practice Book § 236; and that the motions for dismissal and rulings failed to meet the requirements of the rules of pleading. And it further appears that when the plaintiff pointed out that the motions were untimely and made out of order; Practice Book §§ 112, 114; that none of the motions had been properly served; Practice Book § 121; and that the entry of the default judgment for failure to disclose a defense precluded the defendants from making any defense as to liability in the actions; Practice Book § 364; *Kawasaki Kisen Kaisha, Ltd.* v. *Indomar, Ltd.,* 173 Conn. 269, 272, 377 A.2d 316 (1977); the defendants beat a hasty retreat, pausing only long enough to

say they had no objections to the matter going forward. The trial court did not, because it could not by reason of the defendants' action, rule on the claims of law presented by the motions. Because the questions raised in the motions are the only issues stated in the reasons for appeal, there is nothing before us for consideration.

We are importuned to declare that § 49-27 of the General Statutes[1] is unconstitutional. It is a request that must be ignored. It goes without saying that the statute has been before us repeatedly, and its validity continually upheld. See, e.g., *City National Bank* v. *Traffic Engineering Associates, Inc.,* 166 Conn. 195, 348 A.2d 637 (1974); *Gault* v. *Bacon,* 142 Conn. 200, 113 A.2d 145 (1955). It would be folly if we were driven on a barren record, without even the semblance of valid argument, to the conclusion claimed by the named defendants, after the statute has stood for so long and so many titles have passed pursuant to the authority the statute conveys.

There is no error. The cases are remanded to the Superior Court for the setting of new sale dates and other necessary orders not inconsistent with this opinion.

In this opinion the other judges concurred.

---

[1] "[General Statutes] Sec. 49-27. DISPOSAL OF PROCEEDS OF SALE. The proceeds of each such sale shall be brought into court, there to be applied if the sale is ratified, in accordance with the provisions of a supplemental judgment then to be rendered in the cause, specifying the parties who are entitled to the same and the amount to which each is entitled. If any part of the debt or obligation secured by the mortgage or lien foreclosed or by any subsequent mortgage or lien was not payable at the date of the judgment of foreclosure, it shall nevertheless be paid as far as may be out of the proceeds of the sale as if due and payable, with rebate of interest where the debt was payable without interest, provided, if the plaintiff is the purchaser at any such sale, he shall be required to bring into court only so much of the proceeds as exceed the amount due upon his judgment debt, interest and costs."