[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#139) CT Page 5402
This case arises from the plaintiff's, Connecticut National Bank (hereinafter "CNB"), attempt to collect monies past due on two notes executed by the defendant, Norman J. Voog. On June 24, 1991, CNB filed a two count complaint against the defendant. In count one, CNB alleged that on January 28, 1989, the defendant became indebted to CNB under the terms of a demand loan agreement (hereinafter "note 1") in the original principal amount of $100,000. CNB also alleges that the defendant default on note 1 when he failed to pay the quarterly interest payment due on April 23, 1989, as required under the terms of note 1. CNB alleges that it made a demand for the entire amount of principal and interest due on Note 1, but that the defendant has not paid. In count two, CNB alleges that on December 22, 1989, the defendant became indebted to CNB under the terms of the Custom Credit Line (hereinafter "note 2") with a maximum available amount of $25,000. CNB alleges that, although the defendant agreed to make monthly interest payments, he defaulted on the loan when he failed to make the interest payment due on June 22, 1990. CNB alleges that it made a demand for the entire amount of principal and accrued interest but that the defendant has not paid.
On October 22, 1991, the defendant filed an answer containing general denials and a special defense in which he alleged that CNB fraudulently induced him to enter the loan agreement by misrepresenting the viability of the limited partnership that would ultimately use the funds.
CNB filed a motion to strike the defendant's special defense on the ground that a lender has no duty to investigate the borrower's motives or financial status, accompanied by a supporting memorandum of law. The court granted the motion to strike on January 14, 1992.
On January 31, 1992, the defendant filed a request for leave to amend his answer and special defense. The defendant sought to add four special defenses and a three count counterclaim. The special defenses were: (1) that CNB conspired with a Colonial Realty employee to solicit purchases for valueless partnership interests and made misrepresentations in furtherance of that conspiracy; (2) that the partnership CT Page 5403 interest was valueless and, therefore, there was no consideration for the notes the defendant executed with CNB; (3) that CNB's actions constituted a violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"); and (4) that CNB is equitably estopped from attempting to collect on notes 1 and 2. The three counts of the counterclaim allege misrepresentation, a Racketeer Influenced and Corrupt Organizations ACT (RICO) violation, respectively. On March 12, 1992, the court, Austin, J., sustained CNB's objection to the defendant's request for leave to amend, and stated that the issues could be raised in a separate cause of action.
On September 30, 1992, CNB filed a motion for summary judgment on the ground that there are no unresolved issues of material fact because the defendant's answer does not contradict any allegation of either count of the complaint. In addition to a supporting memorandum of law, CNB filed the affidavit of one of its vice presidents, who was familiar with the defendant's loan obligations, verifying the existence of the notes and the defendant's nonpayment. CNB also filed an affidavit of debt, a bill of costs, an affidavit stating the amount of attorney's fees incurred in this matter and copies of the two notes.
In opposition to the motion for summary judgment, the defendant filed a memorandum of law and two affidavits. In his own affidavit the defendant reasserted his claim that the note was used to purchase an interest in a limited partnership being offered by Colonial Realty. The defendant asserted that he had testified in a similar collection matter that the financing with CNB was included as part of the purchase of the partnership interest. The defendant attached a copy of the amended answer, special defenses and counterclaim in that case to his affidavit. The defendant also submitted the affidavit of his attorney who stated that the jury verdict in that other case, finding that CNB had violated the securities act and CUTPA, should bar this action under the doctrines of res judicata or collateral estoppel, and that he has been unable to obtain a certified copy of the pleadings in that case.
The defendant also filed a motion for reconsideration of Judge Austin's ruling sustaining CNB's objection to the defendant's request for leave to amend. The court denied this motion for reconsideration on January 28, 1993. CT Page 5404
On January 6, 1993, the defendant filed an additional objection to CNB's motion for summary judgment claiming that the two counts in the complaint were improperly joined because they arose from separate transactions. CNB filed a response to the defendant's objection, dated January 7, 1993, and an accompanying memorandum of law.
The defendant also sought to have this case included in the Colonial Realty Case Management Program. On March 25, 1993, the court, Aurigemma, J., ruled that this case should not be included in the program.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). Summary judgment should be granted where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact. D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980). See also Practice Book Sec. 384. In opposition to the motion for summary judgment, some evidence showing the existence of a genuine issue must be presented. Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415
(1980).
The defendant first argues that CNB's motion for summary judgment should not be granted because the jury verdict against CNB in another collections case arising from nearly identical facts estops CNB from relitigating the issue. Res judicata, also known as claim preclusion, and collateral estoppel, also known as issue preclusion, "promote judicial economy by preventing relitigation of issues or claims previously resolved." Scalzo v. Danbury, 224 Conn. 124, 127,617 A.2d 440 (1992). Although mutuality of parties has been a prerequisite to be application of these legal doctrines, many jurisdictions, including Connecticut, have abandoned that requirement. Aetna Casualty Surety Co. v. Jones, 220 Conn. 285,300-02, 596 A.2d 414 (1991). "[T]he mutuality of parties rule is reasoned to allow a party who has fully and fairly litigated an issue at a prior trial to avoid the force of a ruling against him simply because he later finds himself faced by a different opponent is inappropriate and unnecessary." Id., 302. The defendant is correct in his claim that the doctrine of collateral estoppel would bar the relitigation of CT Page 5405 issues decided in the other collection case even though the defendant in the case presently before the court was not a party to that case.
However, the issues decided in the earlier case are not being relitigated here.
 Issue preclusion applies it "an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment. . . ." 1 Restatement (Second), Judgments Sec. 27 (1982). An issue is "actually litigated" if it is properly raised in the pleadings, submitted for determination, and in fact determined. Id., Sec. 27 comment d.
Scalzo v. Danbury, supra, 128.
The copy of the answer, special defenses and counterclaim in that other case, which was attached to the defendant's affidavit, indicates that the securities act violations and CUTPA violation, were properly before the jury. In this case, however, those claims were excluded when the court granted CNB's motion to strike the defendant's special defense, sustained CNB's objection to the defendant's request for leave to amend his answer, and denied his motion for reconsideration. The issues litigated in the prior case that arose from the special defenses and counterclaim are not being relitigated in the present case. Accordingly, the doctrine of collateral estoppel does not bar this action.
The defendant also objects to the motion for summary judgment on the ground that the two counts in the complaint were inappropriately joined because they arose from separate transactions. The appropriate vehicle to challenge the joinder of two causes of action is a motion to strike. Practice Book Sec. 152. By filing an answer the defendant has waived his right to file a motion to strike. Farmington v. Westland Co., 195 Conn. 418, 419, 488 A.2d 810 (1985).
The motion for summary judgment is granted because the arguments advanced by the defendant do not demonstrate the existence of any unresolved questions of material fact. A CT Page 5406 hearing in damages will be held upon the filing of a trial list claim.
HIGGINS, J.