[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Irwin Leventhal, filed a one count complaint on December 28, 1992, against the defendants, Country Manor of Branford, Inc. (Country Manor) and Leonard Leventhal, petitioning to wind up the business and affairs of Country Manor pursuant to General Statutes § 33-382. The plaintiff also seeks to be appointed receiver pursuant to § 33-383(c) and requests any other relief the court finds just and appropriate.
The plaintiff alleges in his complaint that he is the treasurer, one of the two directors and owner of 50% of all issued and outstanding stock of Country Manor. The plaintiff further alleges that Leonard Leventhal is president, one of the two directors and owner of 50% of all issued and outstanding stock of Country Manor. The plaintiff alleges that the directors of Country Manor are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock. Furthermore, the plaintiff alleges that the shareholders of Country Manor are deadlocked in voting power for the election of directors and consequently have been unable to elect successor directors.
On April 7, 1993, the defendants filed an answer to the complaint, admitting the first two allegations while denying the third and fourth allegations. The defendants also raised two special defenses in their answer, i.e., that the plaintiff's CT Page 10959 unclean hands barred relief and that the plaintiff failed to state a claim upon which relief can be granted. In addition, the defendants asserted a three count counterclaim. In the first count, the defendants allege that they suffered damage due to the plaintiff's breach of fiduciary duty, count two alleges unjust enrichment, and count three alleges conversion.
On June 27, 1994, one of the defendants (Leonard Leventhal) filed a motion to strike the plaintiff's complaint along with a memorandum in support of his motion. The plaintiff did not file a memorandum in opposition to the motion to strike.
Practice Book § 112 sets forth the order of pleadings, and it provides that a defendant's motion to strike the plaintiff's complaint precedes a defendant's answer to that complaint Practice Book § 113 provides that a party may waive the right to plead when it does not follow the order of pleadings set forth in Practice Book § 112.
In the present case, the defendant filed the motion to strike after he filed an answer to the plaintiff's complaint, and therefore the motion to strike should be denied due to the improper order of pleadings. See Farmington v. Westland Co., 195 Conn. 418,419-20, 488 A.2d 810 (1985); Daley v. Gaitor, 16 Conn. App. 379,389, 547 A.2d 1375 (1988). Federal Home Loan Mortgage Corp. v.Papoosha, 9 Conn. L. Rptr. 186 (June 3, 1993, Walsh, J.); FleetNational Bank v. Mascolo, 2 Conn. L. Rptr. 210 (August 22, 1990, Walsh, J.).
Howard F. Zoarski, Judge