LESLIE A. CAROTHERS, COMMISSIONER OF ENVIRON-
MENTAL PROTECTION *v.* BUTKIN PRECISION
MANUFACTURING COMPANY
(12932)

O'CONNELL, HEIMAN and SPEAR, Js.

Submitted on briefs January 6—decision released March 14, 1995

*Richard Blumenthal,* attorney general, and *David H. Wrinn,* assistant attorney general, filed a brief for the appellant (plaintiff).

PER CURIAM. The plaintiff brought this action to recover damages from the defendant for numerous alleged violations of the state's hazardous waste management regulations. Because the defendant failed to appear for trial, the trial court granted the plaintiff's motion for default. Thereafter, the trial court conducted a hearing in damages. At that hearing, the trial court rendered judgment on only two of the violations alleged in the complaint and denied judgment on the remaining twenty-eight violations. The sole issue on

appeal[1] is whether the trial court, having granted the plaintiff's motion for default for failure to appear for trial, improperly failed to render judgment as to each of the thirty violations pleaded in the complaint. We reverse the judgment of the trial court.

The defendant was defaulted pursuant to Practice Book § 364 (a), which provides: "If a defendant is defaulted for failure to appear for trial, evidence may be introduced and judgment rendered without notice to the defendant." The result of an entry of a default for failure to appear is that liability is conclusively presumed. *People's Bank* v. *Horesco*, 205 Conn. 319, 322, 533 A.2d 850 (1987). Therefore, the plaintiff was relieved of any obligation to prove the allegations of the complaint except as to the damages. *Baldwin* v. *Harmony Builders, Inc.*, 31 Conn. App. 242, 245–46, 624 A.2d 393 (1993). The trial court improperly found that the defendant was not liable for twenty-eight of the alleged violations.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment in favor of the plaintiff with respect to each of the alleged violations and for a new hearing in damages.

---

[1] The plaintiff abandoned her appeal of the trial court's denial of injunctive relief prior to the date the matter was submitted on the briefs.