[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
 Introduction and Factual Background
On January 8, 1994, the plaintiff, Celeste Ferreira [hereinafter, Ferreira] alleges that she slipped and fell on an icy walkway that was controlled and maintained by the defendant, Antonio Rodrigues [hereinafter, Rodrigues] and that she suffered CT Page 5578-Y severe injuries due to Rodrigues' negligence and carelessness in failing to clear the walkway. A complaint and an application for prejudgment remedy were filed on August 19, 1994, and abode service was made upon Rodrigues on August 29, 1994. The order for a prejudgment remedy was granted on September 9, 1994 by the court, O'Neill, J. On October 18, 1995, Ferreira filed a Motion for Default for Failure to Appear which was granted on October 20, 1995. On June 10, 1996, the plaintiff testified at the hearing in damages calendar.
 II. Discussion
 A.
Practice Book § 364(a) provides that, "[i]f a defendant is defaulted for failure to appear for trial, evidence may be introduced and judgment rendered without notice to the defendant." "The result of an entry of a default for failure to appear is that liability is conclusively presumed. . . .
Therefore, [a] plaintiff [is] relieved of any obligation toprove the allegations of the complaint except as to thedamages." (Citations omitted; emphasis added.) Carothers v.Butkin Precision, 37 Conn. App. 208, 209 (1995). See People'sBank v. Horesco, 205 Conn. 319, 321, 533 A.2d 850 (1987) (in light of the defendant's failure to appear the "entry of a default and the rendition of immediate judgment was in order").
 B.
1.
In explaining a picture submitted into evidence, Mrs. Ferreira testified that when she left her apartment in the morning, the walkway was clear. Freezing precipitation started and continued throughout the morning. In fact, the plaintiff testified that she was "all wet" from the freezing rain that was falling while she fell.
This testimony obviously raises questions about the defendant's liability. Kraus v. Newton, 211 Conn. 191, 198
(1989) (absent unusual circumstances, a landowner may await the end of a storm and a reasonable time thereafter to remove CT Page 5578-Z ice and snow from outside walks and steps). Nevertheless, this court is bound to award damages because the defendant has failed to participate in the judicial process. SeeFarmington v. Westland Co., 195 Conn. 418, 419, 488 A.2d 810
(1985); Milgrim v. DeLuca, 195 Conn. 191, 197, 487 A.2d 522
(1985) and Cannavo Enterprises v. Burns, 194 Conn. 43, 47,478 A.2d 601 (1984).
2.
This assumption of "conclusive liability" via a defendant's failure to appear undermines the role of the trial court judge by removing his or her discretion to review properly and adjudicate certain cases. The weight afforded to the factual determinations of a trial court judge is well established in Connecticut law. "[N]othing in our law is more elementary than that the trier [of fact] is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." Lafayette Bank Trust Co. v. Szentkuti,27 Conn. App. 15, 18, 603 A.2d 1215 (1992). Indeed, "[t]he inherent difficulties of the balancing of the probative value of evidence against its prejudicial effect have led our courts to entrust the resolution of this determination to the sound discretion of the trial court judge." (Internal quotation marks omitted.) State v. Waterman, 7 Conn. App. 326, 350,509 A.2d 518 (1986). Thus, it has been noted that a trial judge is a minister of justice, State v. Fernandez, 198 Conn. 1, 10,501 A.2d 1195 (1985) and at least in the context of a criminal trial, not an automation. Id.
3.
In Ratner v. Willametz, 9 Conn. App. 565, 520 A.2d 621
(1987), the court provided an alternative to the award of full damages on a claim through the issue of nominal damages. The court held that "[t]he liability of the defendants had been established with the rendering of default judgments, and the plaintiff was at the very least entitled to nominal damages from the defendants. A contrary conclusion would permit defendants to disregard trial or deposition dates and still obtain a judgment in their favor at a hearing in damages. The punitive effect of a default judgment in such cases would thereby be eliminated." Id. 579.
In this case the court is clearly able to evaluate the CT Page 5578-AA plaintiff's testimony; this court believes she was injured and suffered damages. Thus, an award of nominal damages based on the facts as presented would be both unjust and intellectually dishonest. The quandary is not whether the plaintiff has suffered damages; but rather whether the defendant is truly liable for these damages.
Nevertheless, I enter judgment for the plaintiff because I believe this result is clearly compelled by law. Carothersv. Butkin Precision, supra, 37 Conn. App. 209. Damages are awarded in the amount of $50,000.
Berger, J.