[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION
This was an action for unpaid rent and other damages arising out of the defendant's leasing of property from the plaintiff. A default was entered against the defendant for failure to plead and the case proceeded to a hearing in damages. The court found, inter alia, that the unpaid rent amounted to $2,100.00. Total damages were found to be $3,547.82. Taking into account evidence of a security deposit and other credits totalling $3,365.47, the court entered judgment for the plaintiff in the amount of $182.35. The plaintiff has moved for reconsideration, asserting that "[t]he total rent due for . . . February, 1996 through July 1, 1996 was $5,775.00."
The complaint alleges that the parties entered into the lease agreement on June 18, 1995. A copy of the lease is an exhibit to the complaint. The lease alleges that it is a month to month lease beginning "8/10/95". The monthly rental is $1050.00. The complaint alleges that the "[d]efendant failed to pay the rent due under the lease in the amount of $2,825.40 and it remains unpaid to the date hereof exclusive of interest." This allegation has never been amended.
"Practice Book § 375 provides that, upon a default, a plaintiff can have no greater relief than that demanded in his complaint. It is still the law that the right of the plaintiff to recover is limited by the allegations of the complaint. Strimiskav. Yates, 158 Conn. 179, 185, 257 A.2d 814 [1969]; and any judgment should conform to the pleadings, the issues and the prayers for relief. Kawasaki Kisen Kaisha, Ltd. v. Indomar, Ltd.,173 Conn. 269, 272, 377 A.2d 316 (1977). The risk a defaulted defendant takes in not contesting damages must be limited to a judgment against him in an amount equal to or less than that demanded in the complaint." Skyler Ltd. Partnership v. S. P.Douthett Co., 18 Conn. App. 245, 252, 557 A.2d 927, cert. CT Page 2301 denied, 212 Conn. 802, 560 A.2d 984 (1989).[1]
At the inception of the hearing in damages, the plaintiff offered his affidavit in which he averred that "Rent/Use and Occupancy" amounted to $5,775.00 and that the credit for payments and the security deposit totalled $3,365.47. The plaintiff then was sworn and testified, inter alia that (1) there were many
months that the defendant did not pay rent; (2) the defendant was chronically late in paying the rent; (3) since June 18, 1995 there were no months when the defendant did not pay rent; (4) there were two months that the defendant did not pay rent.
Here, the complaint alleges one amount of rent due and owing, the plaintiff's affidavit alleges another amount, and the plaintiff's testimony suggests yet another sum. While a default conclusively establishes a defendant's liability; People's Bankv. Horesco, 205 Conn. 319, 332, 533 A.2d 850 (1987); Carothers v.Butkin Precision Mfg. Co., 37 Conn. App. 208, 209, 655 A.2d 799
(1995); it does not excuse a plaintiff from proving the amount of his actual damages by a fair preponderance of the evidence.Kloter v. Carabetta Enterprises, Inc., 186 Conn. 460, 464,442 A.2d 63 (1982); United National Indemnity Co. v. Zullo, 143 Conn. 124,130, 120 A.2d 73 (1956); Firematic Sprinkler Devices, Inc.v. Reynolds, 34 Conn. Sup. 558, 560, 376 A.2d 1117 (App. Sess. 1976); Darmos v. Pasqua, 34 Conn. Sup. 529, 530, 374 A.2d 814
(App. Sess. 1974).[2] In a hearing in damages the court does not act as a rubber stamp but sits as a trier of fact, weighing the evidence.
Having weighed the evidence in the context of Practice Book § 375, the motion for reconsideration is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court