[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in the present case seeks damages for an alleged libelous statement[1] which was published in the Hartford Courant. Initially the Hartford Courant and its reporter were defendants but withdrawals were filed during this litigation. The remaining defendant, Douglas Rankin, a former Glastonbury police officer, appeared but was subsequently defaulted for failure to plead.
In Goodrich v. Waterbury Republican-American, Inc.,188 Conn. 107, 438 A.2d 1317 (1982), our Supreme Court reviewed the evolution of the law of libel from the U.S. Supreme Court's decision in New York Times Co. v. Sullivan, 376 U.S. 254,84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and discussed the privilege of "fair comment" as it applies to public figures.
The plaintiff, herein, has been deemed to be a public figure; see C.J. Mozzochi, Ph. D. v. James Hallas, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. 95-0556163 (January 5, 1998, Rittenband, J.) The Supreme Court held that "in order for a statement to be defended as fair comment it must be recognizable by the ordinary reasonable person as opinion and not as a statement of fact". Goodrich v. WaterburyCT Page 11008Republican-American, Inc., supra. 188 Conn. 121.
Mr. Mozzochi testified that the statements were totally false and that they caused him embarrassment. He stated that he was not "crazy as a loon" but that he was a research analyst and that he was not "a social hermit" as he had recently hosted a dinner party.
This court notes that the phrase "crazy as a loon" generally cannot be considered to be a statement of fact and does fall under the fair comment category. Moreover, in terms of the statement that the plaintiff "file(s) lawsuits," this court takes judicial notice of the litigation that the plaintiff has instituted.[2]
It is clear that "the result of an entry of a default . . . is that liability is conclusively presumed. . . . Therefore, [a] plaintiff [is] relieved of any obligation to prove the allegations of the complaint except as to damages." (Citations omitted.) Carothers v. Butkin Precision Manufacturing Co.,37 Conn. App. 208, 209 655 A.2d 799 (1995). Nevertheless, other than that stated above, the plaintiff did not provide this court with any testimony as to damages.
Accordingly, as the plaintiff's evidence on damages is lacking and as damages must be awarded only because of the technical default, see Carothers v. Butkin Precision, supra,37 Conn. App. 208, this court awards nominal damages of one dollar.
Berger, J.