[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6149
This is a hearing in damages, the defendants having been defaulted for failure to appear. The plaintiff seeks to recover for injuries suffered by him when the front left wheel detached from his car.
With the entry of a default for failure to appear, liability is conclusively presumed. The plaintiff must, however, prove his damages by a preponderance of the evidence. See Carothers v.Butkin Precision, 37 Conn. App. 208 (1995).
On February 13, 1998 the plaintiff took his car, a 1984 Celica Toyota to Midstate Motor Cars for repair of his rear brakes. The bill for services rendered by Midstate Motor Cars specifies right and left rear brakes and bleed system. The charge was $72.00 plus tax of $4.32 for a total of $76.32, which amount the plaintiff paid. The car at the time had a temporary license.
On February 16, 1998, the plaintiff testified he was driving eastbound on interstate 84 going 55 miles an hour when the front left wheel detached from the car. The plaintiff braked to a stop on the shoulder of the road. The plaintiff testified that he did not impact with anything either before or after the wheel detached. The detached wheel rolled in to a passing car but did no damage to that car. The plaintiffs car was towed to a garage. The plaintiff went off to work.
The plaintiff works for a molding company. Two hours after arriving at work he began feeling pain in the mid and low back areas. On February 20, 1998 he saw Dr. Manh Nguyen who diagnosed his condition as an acute lumbar sprain and referred him for treatment to the Hartford Chiropractic Group. The plaintiff received physical therapy from February 20, 1998 through April 22, 1998. He was again seen by that Group on April 22, 1998. On February 23, 1998 the plaintiff was referred by Dr. Pedro of that Group to Connecticut Valley Radiology, P.C. for X-rays on February 23, 1998. The written report of Dr. Springer to Dr. Pedro stated that the lumbar spine showed normal alignment; that there was no abnormality in the disc joints; that facet joints have a normal appearance; that there is normal visualization of the saco-iliac joints; that there were no boney abnormalities present. Plaintiff had a normal lumbar spine. CT Page 6150
Plaintiff has not been back to Dr. Nguyen after the one visit nor has he had any further therapy. The only ongoing effects are that once a month if he sits to long his low back hurts.
Though the plaintiff is making no claim for property damage, the claim for personal injuries is based on allegations that the defendants doing business as Midstate Motor Cars repaired his car in a negligent and unskillful manner so that the left front tire became dislodged while he was driving; that they knew or should have known that failure to tighten, check and/or replace lug nuts on the plaintiffs car after the repair work was finished was negligent.
An estimate of the damage to Plaintiff's car was completed by Hutchins Associates, LLC on February 26, 1998. The estimate lists under type of labor two items involving body work: (1) remove/replace left front wheel; remove/replace lug nuts (5). The estimate also listed two items involving mechanical work; (1) remove/replace left front suspension brake rotor; (2) align front suspension. The estimate also shows point of impact as left front corner and identifies the body shop of CR Auto and Truck Service, 13 John Fitch Boulevard, South Windsor, Ct with inspection date of February 26, 1998 by insurer Arbella Protection.
The repair estimates describe damage which is inconsistent with plaintiffs account of how the accident occurred. The plaintiff testified to having had no contact with anything before or after the left front wheel came off and that he was able to brake to a stop. The estimate shows a point of contact, the left front corner of the car. This evidence raises a question as to whether there is a causal connection between the work done by the defendant and the injuries suffered. The defendant's paid bill shows only work on the rear brakes, left and right. Nor does it show any lug nut replacements.
In order to prevail as to the damage issue the plaintiff must establish by a preponderance of the evidence that the injuries suffered were caused by the negligence of the defendants. The evidence points to an impact to the left front corner of the car with damage to the left front suspension brake rotor which holds the tire. From this an inference can be drawn that the tire detached because of the impact and not because the bolts were left off by the defendant or not tightened enough by the defendants. CT Page 6151
This Court finds the repair bill and written estimates provide the more credible evidence on the issue of causation. Accordingly, this Court concludes that the plaintiff has failed to prove by a preponderance of the evidence that the negligence of the defendants caused the injuries claimed by the plaintiff. Judgment may enter in favor of the defendants Alan A. Klavins d/b/a Midstate Motor Cars and Inta Moylan d/b/a Midstate Motor Cars.
Hennessey, J.