## MICHEL MORAN *v.* RICKY A. MORNEAU
## (AC 27435)

DiPentima, Lavine and Dupont, Js.

Argued December 5, 2006—officially released March 27, 2007

*Ricky A. Morneau,* pro se, the appellant (defendant).

*John-Henry M. Steele,* for the appellee (plaintiff).

DiPENTIMA, J. In this breach of contract action, the pro se defendant, Ricky A. Morneau, appeals from the judgment of the trial court, rendered in favor of the plaintiff, Michel Moran. On appeal, the defendant claims that (1) he was denied due process of law in violation of the Connecticut constitution because two state marshals refused to serve process on the plaintiff, (2) the court improperly excluded evidence regarding his constitutional claims and his claim of duress, and (3) the court's calculation of damages was improper. We affirm the judgment of the trial court.

The following facts and procedural history are set forth in the court's memorandum of decision. "Sometime before November, 2000, the plaintiff and the defendant agreed to purchase a residence in which they could live together. On November 15, 2000, they purchased a house located at 399 Main Street in Portland, Connecticut. Although the property was held in the defendant's name, the plaintiff provided $20,000 for the down payment. Thereafter, the plaintiff paid one half of the mortgage payments, taxes and other payments associated with the property.

"During the course of the relationship between the parties, the plaintiff loaned the amount of $10,000 to the defendant. The defendant signed a document on January 6, 2003, in which he acknowledged that he owed the plaintiff $20,000 with respect to the house and that she had loaned him $10,000. On April 3, 2003, the defendant signed a document which stated: '[The plaintiff] has since 11-15-2000 paid 1/2 of all expenses and mortgage payments. That she has a vested interest and is an equal owner of 399 Main St. Portland, Ct. This statement shall be formalized thru further written agreement by 6-3-03 to ensure [the plaintiff's] rights and interests.' "

The plaintiff brought this action in two counts against the defendant, alleging breach of contract and unjust enrichment. The case was tried to the court on February 1, 2006. The court found in favor of the plaintiff on her breach of contract claim and awarded damages in the amount of $63,061.[1] This appeal followed.

I

The defendant first claims that he was denied due process of law under the Connecticut constitution because two state marshals refused to serve the plaintiff with a notice of abandonment of property. This claim was not raised properly before the trial court, and we therefore decline to afford it review.

"[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party." (Internal quotation marks omitted.) *Aley* v. *Aley*, 97 Conn. App. 850, 853, 909 A.2d 8 (2006). Despite this policy, "the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Id. The defendant failed to raise this issue in a special defense, offset or counterclaim in his answer to the plaintiff's complaint, despite being afforded the opportunity to do so by the court. This claim was therefore not properly before the trial court and was not addressed in its memorandum of decision. Because our review is limited to matters in the record, we cannot hear it for the first time on appeal. See *West Farms Mall, LLC* v. *West Hartford*, 279 Conn. 1, 27–28,

---

[1] Because the court granted the plaintiff relief pursuant to the first count, it found in favor of the defendant on the second, noting that unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. See *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, 71 Conn. App. 506, 512, 802 A.2d 901 (2002).

901 A.2d 649 (2006); *Feen* v. *New England Benefit Cos.*, 81 Conn. App. 772, 776, 841 A.2d 1193 (2004) ("[i]t is the appellant's responsibility to present such a claim clearly to the trial court so that the trial court may consider it and, if it is meritorious, take appropriate action" [internal quotation marks omitted]), cert. denied, 269 Conn. 910, 852 A.2d 739 (2004).[2]

## II

The defendant next claims that the court improperly excluded evidence relating to his claims of constitutional violations and duress. We review evidentiary claims for abuse of discretion. *Dockter* v. *Slowik*, 91 Conn. App. 448, 465–67, 881 A.2d 479, cert. denied, 276 Conn. 919, 888 A.2d 87 (2005).

## A

The defendant argues that the court abused its discretion by excluding the evidence he attempted to introduce regarding the refusal of two state marshals to serve process on the plaintiff. As we already have noted, this issue was not properly before the trial court. "The court is not permitted to decide issues outside of those

---

[2] The defendant argues that we should nevertheless consider his claim under the plain error doctrine. "The plain error doctrine is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . The plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 526, 911 A.2d 712 (2006). The defendant has not presented us with a clear factual basis for his claim. Given the inadequacy of the record, we conclude that this case does not warrant plain error analysis. See *Westport Taxi Service, Inc.* v. *Westport Transit District*, 235 Conn. 1, 25–26, 664 A.2d 719 (1995) (record insufficient for plain error review of defense not raised in trial court).

raised in the pleadings." *Yellow Page Consultants, Inc.* v. *Omni Home Health Services, Inc.*, 59 Conn. App. 194, 200, 756 A.2d 309 (2000). "The fundamental purpose of a special defense [and] other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." (Internal quotation marks omitted.) *Coughlin* v. *Anderson*, 270 Conn. 487, 501, 853 A.2d 460 (2004). This rule is crucial to the proper administration of justice so that parties may be able to prepare themselves on the issue. *Fish* v. *Fish*, 90 Conn. App. 744, 764, 881 A.2d 342, cert. granted on other grounds, 275 Conn. 924, 883 A.2d 1243 (2005). In light of these principles, we conclude that the court did not abuse its discretion by excluding evidence related to an issue entirely absent from the pleadings.

## B

The defendant additionally argues that the court improperly excluded medical evidence proffered in support of his claim that he signed the April 3, 2003 document, which recognized the plaintiff's equal ownership of the property, under duress. The record reveals that the defendant was permitted to testify extensively as to his medical condition at the time the document was signed. The court prevented the defendant only from repeating what his physician had told him as inadmissible hearsay but informed the defendant that he was entitled to subpoena his physician. It is well settled that "[a]n out-of-court statement offered to prove the truth of the matter asserted is hearsay and is generally inadmissible unless an exception to the general rule applies." *State* v. *Hines*, 243 Conn. 796, 803, 709 A.2d 522 (1998). The proffered evidence does not fall within one of these exceptions, and the defendant did not elect to subpoena his physician.[3] The court therefore

[3] In any event, the court specifically found that the defendant did not provide any evidence that the plaintiff "made any threat, left him no reasonable alternative, or that sharing the equity of the house with the plaintiff

properly excluded the proffered evidence in accordance with our well established rules of evidence.

### III

The defendant's final claim is that the court made an improper calculation of damages. The defendant argues that the court should have offset its valuation of the property by the expenses he would incur in selling the property, which he asserts are $11,500 in realtor fees and $1500 in conveyance taxes. We are not persuaded.

The award of damages is a factual determination reviewed under the clearly erroneous standard. *Duplissie* v. *Devino*, 96 Conn. App. 673, 699, 902 A.2d 30, cert. denied, 280 Conn. 916, 908 A.2d 536 (2006). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Altschuler* v. *Mingrone*, 98 Conn. App. 777, 781, 911 A.2d 337 (2006). "[I]n a breach of contract action for damages, the aggrieved party is entitled to be placed in the same economic position it would have been in if the contract had been performed." *Steeltech Building Products, Inc.* v. *Edward Sutt Associates, Inc.*, 18 Conn. App. 469, 472, 559 A.2d 228 (1989).

The court found that as of June, 2003, the property had a fair market value of $234,000 and was encumbered by mortgages or liens totaling $157,600, resulting in equity of $76,400. Pursuant to the parties' contract, the court awarded the plaintiff half of that amount, in addition to the $10,000 she had loaned the defendant, and $14,861 in interest. The findings made by the court are

---

was unfair" so as to meet the elements of duress. See *Traystman, Coric & Keramidas* v. *Daigle*, 84 Conn. App. 843, 846, 855 A.2d 996 (2004).

supported by the evidence, including a uniform residential loan application signed by the defendant.

The defendant failed to bring the expenses that he now claims to the court's attention and, consequently, cannot complain that the court did not consider them. Moreover, the defendant does not cite any evidence to substantiate his figures. Expenses cannot be projected on the basis of speculation. *See Demartino* v. *Demartino*, 79 Conn. App. 488, 497–98, 830 A.2d 394 (2003) ("[i]t is not the province of this or any court to speculate as to evidence not before it"). Accordingly, the court's findings were not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.