# BRUCE E. DRISKA *v.* JEFFREY D. PIERCE ET AL.
## (AC 28891)

Gruendel, Robinson and Borden, Js.

Argued June 3[1]—officially released October 7, 2008

---

[1] The case originally was scheduled for oral argument before this court on May 29, 2008, at which time the defendants' counsel presented his oral argument. The plaintiff's counsel did not appear on that date, and we permitted him to present his oral argument on June 3, 2008, at which time counsel for the defendants presented his rebuttal.

*Michael F. Dowley,* for the appellants (defendants).

*Timothy P. Lynch,* deputy city attorney, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendants, Jeffrey D. Pierce and Linda Pierce, appeal from the judgment of the trial court that issued a permanent injunction, preventing them from operating an all terrain vehicle (ATV) park on their property. On appeal, the defendants challenge certain legal conclusions and the evidentiary findings of the court. We affirm the judgment of the trial court.

The following factual and procedural history is relevant for our discussion. On September 22, 2006, the plaintiff, Bruce E. Driska, the zoning enforcement officer for the city of Middletown, issued a cease and desist order to the defendants.[2] The order stated that the defendants were in violation of Middletown zoning code §§ 10.03.01 and 21 by conducting a "commercial business (outdoor recreation)" on their property. The defendants had been operating an ATV park, charging $30 per day for adult riders and $15 per day for riders younger than age eighteen.

On January 3, 2007, the plaintiff filed an application for a temporary injunction, alleging that the defendants had failed to comply with the cease and desist order. On January 29, 2007, the court held a hearing on the plaintiff's application. The defendants offered to stipulate that they were no longer charging riders to use

[2] Pursuant to General Statutes § 8-12, the plaintiff, as the zoning enforcement officer, is vested with the power to enforce the city's zoning code. See *Enfield* v. *Enfield Shade Tobacco, LLC,* 265 Conn. 376, 378, 828 A.2d 596 (2003).

their property. The plaintiff responded that "it's our position that even if [the defendants] are not charging, it's still violative of the code." The court then issued a temporary injunction preventing the commercial use of the defendants' property with respect to the operation of an ATV park.

On February 20, 2007, the parties submitted simultaneous trial briefs to the court. On February 26, 2007, the court heard testimony from the plaintiff and Jeffrey Pierce, who testified that after he had received the cease and desist order, he immediately stopped charging riders for using his property. He further stated that he had instructed his son, who operated and maintained an Internet site advertising the ATV park, to remove "any reference to money." Jeffrey Pierce also acknowledged that he had accepted donations, ranging from $4 to $30, from ATV riders for legal expenses.

On March 6, 2007, the court issued a memorandum of decision granting a permanent injunction preventing the defendants from allowing their property to be used as an ATV park. The court set forth two separate reasons[3] for granting the injunction. First, the court found that the defendants' property was located within a residential zone. The court then determined that due to its location in a residential zone, a special use permit would be required to use it as an ATV park. The court then observed that the defendants had not obtained a special use permit.[4]

---

[3] The plaintiff had presented two alternative arguments to the court in support of his request for injunctive relief. First, that the defendants had continued to operate a commercial enterprise by charging ATV riders for the use of property. Second, even if the defendants did not charge riders, the use of the property as an ATV park was prohibited under the zoning code.

[4] At oral argument before this court, counsel for the defendants strenuously claimed that the issue of whether operating an ATV park was permitted in a residential zone was not set forth in the pleadings and, therefore, was outside the scope of the proceedings before the trial court and the present appeal. This claim, however, was not presented in the defendants' brief. We therefore decline to consider it because "[i]t is well settled that claims on appeal must be adequately briefed . . . and cannot be raised for the first

The second basis for the court's decision constituted the remainder of its memorandum and was discussed in greater detail than the first. The court found that "the defendants' continued advertisement of [the] property as a commercial ATV park and collection of a 'donation' from each individual ATV user constitutes 'commercial business.'" It further found that the defendants had not wilfully violated the temporary injunction or the cease and desist order.[5] The court issued the following order: "The defendants are permanently enjoined from operating an ATV park on their property . . . . The defendants are enjoined from advertising that their property is available for ATV use or in any way facilitating the use of their property by nonfamily members as an ATV park." This appeal followed.

On appeal, the defendants claim that the court (1) improperly found that they were conducting a commercial business by accepting donations from patrons of

time at oral argument before the reviewing court." (Internal quotation marks omitted.) *Breen* v. *Synthes-Stratec, Inc.*, 108 Conn. App. 105, 110 n.4, 947 A.2d 383 (2008); see also *Gallo* v. *Barile*, 284 Conn. 459, 478 n.15, 935 A.2d 103 (2007).

We do note, however, that in his brief submitted to the trial court on February 20, 2007, the plaintiff argued: "The property at issue is located in a residential zone. Permitted uses within residential zones are as follows: single-family dwelling, two family dwelling, farming, residential business, and assisted elderly housing. 'Outdoor recreation' is permitted within residential zones as a special exception use. Middletown Zoning Code § 21. . . . The defendants have not applied for a special exception for the ATV park use."

Furthermore, at the outset of the February 26, 2007 hearing, counsel for the plaintiff stated: "We contend that that's irrelevant, whether they're charging or not. This activity isn't allowed in this zone. . . . [T]his type of activity isn't allowed in residential zones. . . . Now, this is allowed by special exception . . . but the defendants haven't applied for a special exception to conduct this activity. . . . But, yes, if [the] defendants are holding their property open and allowing other people to come and utilize it as an ATV park, even without charging, that would be a violation of the code." (Emphasis added.)

[5] On the basis of this finding, the court denied the plaintiff's request for costs and attorney's fees.

the ATV park, (2) improperly found that they were conducting a commercial business by advertising on the Internet, (3) abused its discretion by ordering that defendants were prohibited from facilitating the use of the property by nonfamily members as an ATV park, (4) failed to take into consideration certain statutes applicable to the use of ATVs and (5) abused its discretion by awarding a remedy beyond the scope requested by the plaintiff or those available through administrative remedies and in accordance with zoning regulations.

The plaintiff responds that the court properly found that the defendants were operating a commercial ATV park in a residential zone. He further contends that the Middletown zoning code prohibits the defendants from using the property, which is located in a residential zone, as an ATV park. In other words, the plaintiff argues that we need not reach the issue of whether the use of the property was commercial. Instead, we need only conclude that the court properly determined that the use of the property as an ATV park was a sufficient basis to affirm the judgment of the trial court.

I

In our view, the dispositive question in this appeal is whether the operation of an ATV park is permitted in a residential zone located in Middletown. We agree with the plaintiff's argument and conclude that such a use is not permitted, absent a special use permit. Accordingly, the court properly granted the injunction on this basis. As a result of this conclusion, we decline to consider the propriety of the court's conclusion that "commercial business (outdoor recreation)" is defined as "charging a fee for the recreational use of [the defendants'] property for ATVs."

At the outset, we identify the applicable standard of review. The plaintiff's argument requires us to interpret

the Middletown zoning regulations. This poses a question of law, and, therefore, our review is plenary. *Enfield* v. *Enfield Shade Tobacco*, 265 Conn. 376, 380, 828 A.2d 596 (2003); see also *200 Associates, LLC* v. *Planning & Zoning Commission*, 83 Conn. App. 167, 175, 851 A.2d 1175, cert. denied, 271 Conn. 906, 859 A.2d 567 (2004). We further note that "zoning regulations are local legislative enactments . . . and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes. . . . Moreover, regulations must be interpreted in accordance with the principle that a reasonable and rational result was intended . . . . The process of statutory interpretation involves the determination of the meaning of the statutory language [or . . . the relevant zoning regulation] as applied to the facts of the case, including the question of whether the language does so apply." (Internal quotation marks omitted.) *Trumbull Falls, LLC* v. *Planning & Zoning Commission*, 97 Conn. App. 17, 21–22, 902 A.2d 706, cert. denied, 280 Conn. 923, 908 A.2d 545 (2006).

Our starting point is the language of the relevant section of the Middletown zoning regulations. Section 21.01A of the Middletown zoning code provides in relevant part: "No land shall be used . . . except for any use which is indicated in the R-1 columns of the Use Schedule, Section 60 of the Middletown zoning code and shall be subjected to such provisions as referred to in that column."[6] Section 60.00 of the Middletown zoning code provides in relevant part: "No Land shall be used or occupied and no structure shall be erected, constructed, reconstructed, altered or used, except for

---

[6] Section 10.03.01 of the Middletown zoning code provides: "No building, structure, or land shall hereafter be used or occupied; and no building or structure or part thereof shall hereafter be erected, constructed, reconstructed, moved or structurally altered except in conformity with all of the regulations herein specified for the zone in which it is located."

any use of the following permitted uses, special exception uses, accessory use, permitted Residential Unit Business Pursuit uses or uses by temporary uses."

As we noted previously, the court found that the defendants' property is located in a residential zone.[7] Neither party disputed or challenged this finding. According to the Middletown zoning code, the only uses permitted in a residential zone are those set forth in § 60 of the zoning code.[8] Section 60.01 of the Middletown zoning code states that single-family dwelling, detached, two-family dwelling, farming or other agriculture, residential unit business pursuit, business and profession offices and certain assisted elderly housing are the permitted uses in a residential zone. The defendants' use of the property as an ATV park, whether commercial or not, does not fit into any of these categories. Furthermore, according to the zoning code, a use that is not expressly permitted is prohibited. Section 60.06 of the Middletown zoning code expressly prohibits "[a]ny use not specified as a permitted use, special exception, accessory use, permitted home occupation use or use by temporary permit . . . ."[9]

We note that outdoor recreation is permitted by a special exception in residential zones. See Middletown

[7] Section 21.00A of the Middletown zoning code sets forth the following description of residential zones: "This zone is composed of certain land so situated as to be suitable for a certain quiet low density residential area. Accordingly, the regulations for this zone are designed to stabilize and protect the essential characteristics of the zone, to promote and encourage a suitable environment for family life and provide certain enumerated non-residential activities that make a complete neighborhood. To these ends development is limited to a relatively low concentration and permitted uses are limited basically to a single detached dwelling units plus certain additional uses such as school, churches, park land and certain non-residents of the zone plus public institutions."

[8] See § 21.01A of the Middletown zoning code.

[9] See also § 10.03.01 of the Middletown zoning code, which provides: "No building, structure, or land shall hereafter be used . . . except in conformity with all of the regulations herein specified for the zone in which it is located."

Zoning Code § 60.02.27.[10] It is undisputed, however, that the defendants never requested a special exception to use the property as an ATV park.[11] Accordingly, we conclude that the defendants' use of their property, located in a residential zone, as an ATV park is not permitted by the Middletown zoning code.

II

The defendants also claim that the permanent injunction issued by the court exceeded the scope of the relief requested by the plaintiff and the relief available through administrative remedies and the zoning regulations. They maintain that the granting of such relief constitutes an abuse of discretion by the court. We do not agree.

Our Supreme Court has stated: "In seeking an injunction pursuant to [General Statutes] § 8-12, the town is relieved of the normal burden of proving irreparable harm and the lack of an adequate remedy at law because § 8-12 by implication assumes that no adequate alternative remedy exists and that the injury was irreparable. . . . The town need prove only that the statutes or ordinances were violated." (Internal quotation marks

---

[10] Section 60.02.27 of the Middletown zoning code provides: "Outdoor Recreational uses such as: Parks, Playgrounds, Playfields, Golf courses, Boating areas, Community buildings, Developed open space, such as Arboreta, Botanical and Zoological gardens and similar recreational uses."

[11] We note that the defendants did not raise the issues of accessory uses, permitted residential unit business pursuit uses or uses by temporary uses before the trial court. We therefore do not address or consider these issues on appeal, as we generally are limited to matters raised before the trial court. See *Moran* v. *Morneau*, 100 Conn. App. 169, 171, 917 A.2d 1003 (2007) (appellate review limited to matters in record; reviewing court cannot hear matters for first time on appeal). For this reason, we also decline to consider the claim set forth in the defendants' appellate brief that the court's decision is violative of the legislative intent set forth in General Statutes §§ 52-557f through 52-557i. We likewise decline to consider the defendants' claim, raised for the first time on appeal, that the court should have found that they were in compliance with General Statutes § 14-387 (5) and that the court failed to consider General Statutes § 14-390.

omitted.) *Bauer* v. *Waste Management of Connecticut, Inc.*, 239 Conn. 515, 532–33, 686 A.2d 481 (1996). "A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion. . . . Therefore, unless the trial court has abused its discretion, or failed to exercise its discretion . . . the trial court's decision must stand." (Internal quotation marks omitted.) *Host America Corp.* v. *Ramsey*, 107 Conn. App. 849, 854, 947 A.2d 957, cert. denied, 289 Conn. 904, 957 A.2d 870 (2008); see also *Maritime Ventures, LLC* v. *Norwalk*, 277 Conn. 800, 807–808, 894 A.2d 946 (2006).

The defendants argue[12] that the court lacked the authority to "prohibit private property owners from allowing nonfamily members to use their land for ATV riding or from prohibiting private property owners from advertising that their property is available for such use." That statement does not accurately represent the injunction issued by the court. The court enjoined the defendants from "*operating an ATV park on their property* [and] from advertising that their property is available for ATV use, or in any way facilitating the use of their property by nonfamily members *as an ATV park.*" (Emphasis added.) This order prevents the defendants from using their property in a manner that is prohibited by the Middletown zoning code. We conclude that the issuance of the permanent injunction did not constitute an abuse of the court's discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[12] The defendants also appear to argue that the court could grant only a civil penalty not to exceed $2500, an injunction prohibiting commercial business (outdoor recreation) and costs, pursuant to § 8-12. This argument was not presented to the trial court, and we decline to consider it on appeal. See footnote 11. We do note, however, that § 8-12 does not prohibit injunctive relief, and such relief as is appropriate when a zoning ordinance is being violated.