## LASALLE BANK, N.A., TRUSTEE *v.* HANK S. RANDALL ET AL.
## (AC 31489)

Beach, Robinson and Mihalakos, Js.

Argued September 17—officially released November 9, 2010

____

*Hugh J. Lavery*, for the appellant (named defendant).

*Jeffrey M. Knickerbocker*, for the appellee (substitute plaintiff).

*Opinion*

PER CURIAM. The defendant Hank S. Randall[1] appeals from the judgment of the trial court approving the sale of certain real property after a judgment of foreclosure by sale. The defendant claims that the court improperly approved the sale on the motion of the committee of sale because the foreclosing lender, the substitute plaintiff, LaSalle Bank, N.A., Trustee,[2] submitted an inflated appraisal that discouraged other bidders and allowed the plaintiff to purchase the property for a bid price that was inadequate and inequitable. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The plaintiff commenced the underlying foreclosure action in March, 2001, on

---

[1] Denise Randall, W.W. Rothmann Company, Inc., the Metcalf Paving Company, Inc., Dean Lindsay, Lloyd Lindsay, New Milford Hospital, Inc., Charlotte Hungerford Hospital, Bantam Supply Company and Melanie Lay are also defendants in this matter. Because Hank S. Randall is the only defendant involved in this appeal, however, we refer to him in this opinion as the defendant.

[2] When this action was commenced, LaSalle National Bank, in its capacity as trustee, was the plaintiff. Thereafter, LaSalle Bank, N.A., Trustee, was assigned the mortgage and substituted as the plaintiff in the action. Hereafter, we refer to LaSalle Bank, N.A., Trustee, as the plaintiff.

the property of the defendant, located at 53 River Road in Washington. Between 2001 and 2009, multiple judgments of foreclosure by sale were rendered by the court. The defendant avoided the sale of the property by filing various motions to open the judgments and by declaring multiple bankruptcies.

On January 26, 2009, the court, *Roche, J.,* ordered a foreclosure by sale to take place on July 18, 2009. The court found the debt owed by the defendant to be $835,307.54 and the fair market value of the property at that time to be $2.2 million. A deposit amount of $220,000 was set. The committee appointed to conduct the sale hired an appraiser. The appraisal, dated July 6, 2009, valued the property at $1.1 million. The plaintiff submitted the only bid and, on July 22, 2009, the committee moved for approval of the sale to the plaintiff for $874,724.11. On August 10, 2009, the defendant objected, arguing that the bid price was inadequate and inequitable. Rejecting the defendant's argument, on August 31, 2009, the court approved the sale. The defendant has appealed.

On appeal, the defendant claims that the court abused its discretion when it accepted the plaintiff's bid because the elevated appraisal and deposit requirement deterred potential competing bids. We decline to review the defendant's claims because he has failed to provide an adequate record.

The defendant has failed to refer this court to factual findings in the record that substantiate his claim that an improperly elevated appraisal and deposit price deterred potential buyers. "[I]t is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. . . . [A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court." (Internal

quotation marks omitted.) *Stutz* v. *Shepard*, 279 Conn. 115, 125–26, 901 A.2d 33 (2006); see Practice Book § 61-10.[3]

In the present case, the court made no specific findings as to whether any bidder was actually precluded from bidding as a result of the appraisal and required deposit, nor did the defendant request a reduction of the $220,000 deposit requirement. After he filed his appellate brief, the defendant filed in this court a motion for permission to file a late motion for articulation in the trial court. We denied the motion for permission, because it was filed well after the time allowed by our rules. We are left without an effective motion for articulation. "We, therefore, are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *New Haven Savings Bank* v. *Mongillo*, 67 Conn. App. 799, 802, 789 A.2d 547 (2002). Finally, other than the defendant's bald assertions, there is nothing in the record to indicate that the appraisal process was flawed. In the absence of a motion for articulation, or factual findings by the trial court, or indeed any evidence on which the trial court could have found that any potential bidder was dissuaded from bidding because of the amount of the deposit,[4] we have no basis on which to address the merits of the defendant's claim.

The judgment is affirmed.

---

[3] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

[4] The only mention in the record is the speculation of the committee that perhaps bidders were dissuaded. There was no admissible evidence before the court that any bidder was dissuaded.