# MICHEL MORAN *v.* RICKY A. MORNEAU ET AL.
## (AC 31699)

DiPentima, C. J., and Bishop and Schaller, Js.

Argued March 15—officially released June 7, 2011

*John-Henry M. Steele,* for the appellant (plaintiff).

*Sean P. Clark,* for the appellee (defendant Chase Home Finance, LLC).

Opinion

SCHALLER, J. In this foreclosure action, the court rendered judgment of foreclosure by sale and, prior to either the sale or the rendering of a supplemental judgment, determined the parties' priorities with respect to the subject property. The sole issue to be decided in this appeal is whether the trial court's determination of priorities is an appealable final judgment. We conclude that it is not and, accordingly, dismiss the appeal.

The following facts and procedural history are relevant to this appeal. The defendant Ricky A. Morneau owns the subject property commonly known as 399 Main Street in Portland. The plaintiff, Michel Moran, commenced this action seeking to foreclose on a judgment lien that she holds on the property. In the operative complaint, the plaintiff alleged that on July 17, 2003, she recorded a "[n]otice [r]e: [c]onstructive [t]rust 1/2 [o]wnership" of the subject property on the Portland land records. She obtained a prejudgment attachment against the property in the amount of $54,000, which she recorded on the land records on May 28, 2004. The plaintiff prosecuted a successful breach of contract

action against Morneau and was awarded a monetary judgment in the principal amount of $63,061, plus interest.[1] She recorded the judgment lien on the land records on February 15, 2006.

The defendant Chase Home Finance, LLC (Chase), is the assignee of and successor in interest to a promissory note and mortgage deed in the original principal amount of $185,000, which was recorded on the Portland land records on August 22, 2003.[2] The defendant JPMorgan Chase Bank, N.A. (JPMorgan), holds a note secured by a second mortgage in the original principal amount of $50,000, which was recorded on the land records on February 10, 2005. The plaintiff's position is that both the attachment and the judgment lien relate back to the July, 2003 "[n]otice [r]e: [c]onstructive [t]rust 1/2 [o]wnership," which would give her claim priority over that of both Chase and JPMorgan.

On September 14, 2009, the court rendered a judgment of foreclosure by sale and set the sale date for November 21, 2009. Thereafter, Chase filed a motion to determine the priorities of the parties' interests in the subject property. In its motion, Chase represented that, due to the apparent lack of equity in the property to satisfy all of the interest sought to be foreclosed, adjudication of the priority issue prior to the sale was critical. The court heard oral argument on Chase's motion. At the court's request, Chase and the plaintiff each filed proposed findings of fact and proposed orders. On November 16, 2009, the court issued notice that it adopted the findings of fact and priorities based

[1] This court affirmed the judgment and award of damages in *Moran* v. *Morneau*, 100 Conn. App. 169, 917 A.2d 1003 (2007), cert. denied, 289 Conn. 953, 961 A.2d 420 (2008).

[2] A promissory note and mortgage deed in favor of Webster Bank in the principal amount of $185,000 was recorded on August 22, 2003. This mortgage was later assigned to Chase, which assignment was recorded on December 20, 2006.

on Chase's proposed orders. In so doing, the court found that the plaintiff's claim did not relate back to the July, 2003 "[n]otice [r]e: [c]onstructive [t]rust 1/2 [o]wnership" that she filed on the land records because there was no legal or statutory basis for such filing. Accordingly, Chase's interest, recorded in August, 2003, was given first priority in right. The plaintiff's interest followed by virtue of the notice of attachment that she had recorded in May, 2004. JPMorgan's claim, recorded in February, 2005, followed.

The plaintiff filed the present appeal contesting the court's determination of the parties' priorities and, in light of the pending appeal, the court cancelled the sale. Chase moved this court to dismiss the appeal on the ground that the trial court's ordering of the parties' priorities was not an appealable final judgment. We denied the motion to dismiss without prejudice and allowed the parties to address the final judgment issue in their briefs on the merits.

The plaintiff claims that the order determining the priorities of the parties is an appealable final judgment because the order so concludes the rights of the parties that further proceedings cannot affect them.[3] Specifically, she claims that she would suffer an irreparable loss of her right to first priority. She argues that, as the party with second priority, should she bid successfully for the property at the foreclosure sale, she would take title to it subject to Chase's mortgage.[4] Should another party prevail, Chase's interest would be paid in full

---

[3] The plaintiff's remaining claims on appeal go to the merits of whether her judgment lien takes first priority in right. Because we conclude that the plaintiff has not appealed from a final judgment, we do not address these claims.

[4] Citing *Chase Home Finance, LLC* v. *Morneau*, Superior Court, judicial district of Middlesex, Docket No. CV-07-5002946-S, the plaintiff maintains that Chase has commenced a separate action in which it seeks to foreclose on its interest in the subject property that is pending in the Superior Court.

before she received any payment at all. She maintains that the combined value of her judgment lien and the debt owed to Chase exceeds the equity in the property. Accordingly, she argues that her challenge to the trial court's order, which subordinated her interest to that of Chase, is necessary to prevent an irreparable loss of her right to challenge the determination of priorities. She argues, therefore, that the order constitutes an appealable final judgment. We disagree.

We begin by setting forth our standard of review. "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law [over which we exercise plenary review]." (Internal quotation marks omitted.) *Brown & Brown, Inc.* v. *Blumenthal*, 288 Conn. 646, 651–52, 954 A.2d 816 (2008).

As our Supreme Court has explained: "To consider the [plaintiff's] claims, we must apply the law governing our appellate jurisdiction, which is statutory. . . . The legislature has enacted General Statutes § 52-263,[5] which limits the right of appeal to those appeals filed by aggrieved parties on issues of law from final judgments. Unless a specific right to appeal otherwise has been provided by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim. . . . Further, we have recognized that limiting

[5] General Statutes § 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

appeals to final judgments serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings." (Citations omitted; internal quotation marks omitted.) Id., 652–53.

"This court has determined [however] that certain interlocutory orders are to be treated as final judgments for purposes of appeal. To determine whether an order should be treated as such, we apply a two-pronged test: An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, [191 Conn. 27, 31, 463 A.2d 566 (1983)]. Unless an order can satisfy one of these two [*Curcio*] prongs, the lack of a final judgment is a jurisdictional defect that necessitates dismissal of the appeal." (Internal quotation marks omitted.) *Palmer* v. *Friendly Ice Cream Corp.*, 285 Conn. 462, 467–68, 940 A.2d 742 (2008).

The issue in the present case is whether the order from which the plaintiff appeals satisfies the second prong of *Curcio*. "[F]or an interlocutory ruling in either a criminal or a civil case to be immediately appealable under the second prong of *Curcio*, certain conditions must be present. There must be (1) a colorable claim, that is, one that is superficially well founded but that may ultimately be deemed invalid, (2) to a right that has both legal and practical value, (3) that is presently held by virtue of a statute or the state or federal constitution, (4) that is not dependent on the exercise of judicial discretion and (5) that would be irretrievably lost, causing irreparable harm to the appellants without immediate review." (Internal quotation marks omitted.) *Wells Fargo Bank of Minnesota, N.A.* v. *Jones*, 85 Conn. App. 120, 125, 856 A.2d 505 (2004). "[E]ven when an order impinges on an existing right, if that right is subject to vindication after trial, the order is not appealable under

the second prong of *Curcio*. . . . [T]here is a small class of cases [that] meets the test of being effectively unreviewable on appeal from a final judgment and [that], therefore, is subject to interlocutory review." (Citations omitted; internal quotation marks omitted.) *Hartford Accident & Indemnity Co.* v. *Ace American Reinsurance Co.*, 279 Conn. 220, 231–32, 901 A.2d 1164 (2006).

The plaintiff claims that her right to first priority with respect to the subject property is in jeopardy. A discussion of judgments in the foreclosure by sale process is helpful here. "The purpose of the judicial sale in a foreclosure action is to convert the property into money and, following the sale, a determination of the rights of the parties in the funds is made, and the money received from the sale takes the place of the property." *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 794, 888 A.2d 95, cert. denied, 277 Conn. 925, 895 A.2d 799 (2006). In a foreclosure by sale, there are typically three appealable determinations: the judgment ordering a foreclosure by sale, the approval of the sale by the court and the supplemental judgment. See *Glenfed Mortgage Corp.* v. *Crowley*, 61 Conn. App. 84, 88–89, 763 A.2d 19 (2000); D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 17.04, p. 391;[6] see also, e.g., *Antonino* v. *Johnson*, 113 Conn. App. 72, 73, 966 A.2d 261 (2009) (appeal from judgment of foreclosure by sale); *LaSalle Bank, N.A.* v. *Randall*, 125 Conn. App. 31, 32–33, 6 A.3d 175 (2010) (appeal from judicial confirmation of sale); *City*

---

[6] By way of contrast, the strict foreclosure process typically presents only one judgment or ruling that is properly appealable, the judgment of strict foreclosure, because the effect of strict foreclosure is to vest title to the real property absolutely in the mortgagee, and to do so without any sale of the property. D. Caron & G. Milne, Connecticut Foreclosures, supra, § 17.04, p. 391; *National City Mortgage Co.* v. *Stoecker*, supra, 92 Conn. App. 793. Any motion for the determination of priorities in a strict foreclosure action must be filed prior to the rendering of judgment. Practice Book § 23-17 (a).

*National Bank* v. *Traffic Engineering Associates, Inc.*, 166 Conn. 195, 196–97, 348 A.2d 637 (1974) (appeal from supplemental judgment).

As to the first determination, "a judgment of foreclosure constitutes an appealable final judgment when the court has determined the method of foreclosure and the amount of the debt." *Danzig* v. *PDPA, Inc.*, 125 Conn. App. 254, 261, 11 A.3d 153 (2010), cert. denied, 300 Conn. 920, 14 A.3d 1005 (2011). In the present case, the court rendered a judgment of foreclosure by sale and found the amount of the plaintiff's debt on September 14, 2009. The plaintiff did not appeal from that judgment.[7]

As to the second appealable determination, the court's approval of a sale serves as "the final determination by the court that the mortgaged property was sold at a fair price . . . ." (Internal quotation marks omitted.) *National City Mortgage Co.* v. *Stoecker*, supra, 92 Conn. App. 800. An order approving a foreclosure sale operates to cut off the owner's right of redemption; *Willow Funding Co., L.P.* v. *Greencom Associates*, 63 Conn. App. 832, 837–38, 779 A.2d 174 (2001); and the rights of redemption of other parties. *National City Mortgage Co.* v. *Stoecker*, supra, 795. Accordingly, there can be no doubt of the finality of an order approving a foreclosure sale. D. Caron & G. Milne, supra, § 17.04B, p. 392. In the present case, the sale has not yet occurred.

A third appealable determination occurs in the foreclosure by sale process when the court renders a supplemental judgment. "Pursuant to General Statutes § 49-

---

[7] The plaintiff did not file a timely appeal from the judgment of foreclosure by sale. She appeals from the postjudgment order in which the court determined the parties' priorities. Nonetheless, the plaintiff maintains that it would "appear" that she has appealed from a final judgment because the court determined the method of foreclosure and the amount of debt. This argument misses the point. The fact that an appealable final judgment has occurred in a case does not, by itself, render a subsequent interlocutory order immediately appealable.

27,[8] entitlement to proceeds of the sale, and the amount of such entitlements, is to be determined by the court in a supplemental proceeding after the sale has been ratified by the court." *Voluntown* v. *Rytman*, 27 Conn. App. 549, 556, 607 A.2d 896, cert. denied, 223 Conn. 913, 614 A.2d 831 (1992). Our Supreme Court has long recognized that the decree of foreclosure by sale should not adjudicate the rights of the parties to the fund or funds realized; rather, such rights should be determined by way of a supplemental judgment. *Gault* v. *Bacon*, 142 Conn. 200, 203, 113 A.2d 145 (1955); *City National Bank* v. *Stoeckel*, 103 Conn. 732, 744, 132 A. 20 (1926). "[A] foreclosure by sale furnishes conflicting claimants an ideal forum for litigating their differences without prejudicing prior encumbrancers. Clearly, a resolution of such issues provides the very raison d'etre of supplemental judgment proceedings." D. Caron & G. Milne, supra, § 8.02B, p. 188. When the order of priorities is disputed, the court typically considers the issue on the appropriate motion of the parties, usually after the sale is ratified by the court. See id., § 8.01, p. 187; id., § 17.04C, p. 393.

In the present case, the court rendered *prior to the sale* a decision determining the parties' priorities. Because no sale has taken place, the court's ordering of priorities is interlocutory until a sale is approved and the court renders a supplemental judgment. The plaintiff argues that this order constitutes an appealable final judgment in the present case because, given that the priorities have been determined and the equity is insufficient to satisfy both judgments, further proceedings cannot affect her rights. We appreciate the plaintiff's argument that she will be at a disadvantage when

---

[8] General Statutes § 49-27 provides in relevant part: "The proceeds of each such sale shall be brought into court, there to be applied if the sale is ratified, in accordance with the provisions of a supplemental judgment then to be rendered in the cause, specifying the parties who are entitled to the same and the amount to which each is entitled. . . ."

planning her bidding strategy for the subject property. We note that, in the event that the judicial sale generates proceeds sufficient to satisfy her judgment lien, even if her claim remains subordinated to Chase's claim, further proceedings, such as the court's approval of the sale, can affect her rights.

Moreover, a number of conditions must be present for an interlocutory order to be appealable under the second prong of *Curcio*, including the requirement that the right the plaintiff seeks to vindicate is presently held by her and is not dependent on the exercise of judicial discretion. A judicial sale converts the subject property into money. The right that the plaintiff seeks to vindicate in this appeal is her claim to first priority to the proceeds from the sale of the property. This case presents an unusual situation in which the trial court ordered the parties' priorities after rendering a judgment of foreclosure by sale but prior to any sale occurring. In view of the court's broad equitable powers in a foreclosure action; *Reynolds* v. *Ramos*, 188 Conn. 316, 320, 449 A.2d 182 (1982); we do not conclude that it is per se improper to determine the issue of priorities at that juncture. Because the very raison d'etre of supplemental judgment proceedings is to determine issues of priority, however, we see no reason why the plaintiff could not, upon filing the appropriate motion, properly ask the trial court to reconsider the question of priorities after the sale and prior to the rendering of a supplemental judgment. Regardless of whether she chooses to do so, her claim to first priority is subject to vindication in a timely appeal from the rendering of a supplemental judgment. Despite the interlocutory ruling by the trial court, neither party will have the benefit of an appellate ruling on the propriety of that order.

Because she has not had the opportunity to obtain a ruling of this court, her claim to first priority is subject to the exercise of the trial court's discretion. For the

foregoing reasons, the interlocutory order determining the priority of the parties is not appealable under the second prong of *Curcio*. Accordingly, the lack of a final judgment requires us to dismiss the appeal.

The appeal is dismissed.

In this opinion the other judges concurred.