## JULIA M. W. GAULT *v.* JASON BACON ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and ALCORN, Js.

Argued February 1—decided March 8, 1955

*Harry M. Lessin,* for the appellant (defendant Aluminum Company of America).

*Harry W. Hultgren, Jr.,* assistant United States attorney, with whom, on the brief, was *Simon S.*

*Cohen*, United States attorney, for the appellees (defendants United States et al.).

WYNNE, J. This is an action to foreclose a mortgage on property located in the town of Weston. The mortgage was executed August 31, 1931. In the proceedings, foreclosure by sale was ordered. The issue which is presented has to do with the right of an incumbrancer to be heard on the question of the priority of its lien.

The trial court made no finding because the appellant, the defendant Aluminum Company of America, hereinafter called the company, after first obtaining an extension of time to file its draft finding withdrew so much of the appeal as made a finding necessary. It appears that a finding is not required to present the issue which the company seeks to bring before us. The facts are simple and are shown on the record.

The suit was returnable to the Court of Common Pleas in Fairfield County on the first Tuesday of March, 1949. All parties named as defendants made entries of appearance except one, which was found to have been duly served. Answers were filed by two of the defendants, John J. Fitzpatrick, collector of internal revenue for the district of Connecticut, and the United States of America. Defaults were entered against all other defendants, including the company. On April 1, 1949, the plaintiff filed an affidavit setting forth the incumbrances on the mortgaged premises appearing on record. The plaintiff having moved that the foreclosure be by sale and that priority of incumbrances be determined, a foreclosure by sale was decreed and the priority of incumbrances was determined. The plaintiff's affidavit indicated that the company had an attachment lien against the

premises dated subsequent to the dates of the incumbrances of the two defendants who had filed answers.

In the judgment of foreclosure, rendered on September 15, 1950, the attorney for the company, Harry M. Lessin of Norwalk, was appointed a committee to sell the premises. A sale was duly made and the proceeds were paid into court. By a supplemental judgment rendered on March 9, 1951, funds were ordered distributed for the expenses of the sale and to the foreclosing plaintiff, leaving $1373.27 in the hands of the clerk of court. On November 28, 1951, a motion was made by the defendant United States for an order distributing this sum. The motion requested that the distribution be made "in accordance with the [foreclosure] Judgment of the Court as to priorities." The language of the motion certainly did not have the legal effect of limiting the scope of the second supplemental judgment that followed. That judgment, rendered on March 19, 1952, recited that, certain defendants "having again appeared and being fully heard," including the company, a final distribution of the funds in the hands of the clerk should be made. It ordered that the funds be distributed, after payment of certain expenses, to the defendant John J. Fitzpatrick, collector.

The company had made a motion to open the foreclosure judgment of September 15, 1950. That motion was denied on March 14, 1952. On March 21, 1952, the company moved to open the second supplemental judgment of March 19, 1952, and this motion was likewise denied. It is from this denial, as well as from the second supplemental judgment itself, that this appeal is taken.

The assignment of errors is set forth in nine para-

graphs. The point that is raised really concerns a single issue. It is whether the company has been denied its day in court to establish a claim that its lien is entitled to priority over the incumbrance held by John J. Fitzpatrick, collector. The company's claim is that the second supplemental judgment was based upon the premise that the priority of the Fitzpatrick incumbrance had been established by the original foreclosure judgment and that the company was thereby deprived of an opportunity to be heard on the question of priority at the only proper time for such a hearing, namely, at the time of the supplemental judgment ordering distribution.

Section 7208 of the General Statutes provides: "The proceeds of each [foreclosure] sale shall be brought into court, there to be applied if the sale be ratified, in accordance with the provisions of a supplemental judgment then to be rendered in such cause, specifying the parties who are entitled to the same and the amount to which each is entitled . . . ." The record indicates that the proceedings were in strict accordance with this section. The decree of foreclosure by sale should not adjudicate the rights of the parties to the funds realized; those rights should be determined by way of a supplemental judgment. *City National Bank* v. *Stoeckel,* 103 Conn. 732, 744, 132 A. 20. The second supplemental judgment rendered in the case at bar sets forth that the company was fully heard. On this record, the company was not denied its day in court.

There is no error.

In this opinion BALDWIN, DALY and ALCORN, Js., concurred; O'SULLIVAN, J., concurred in the result.