THE CITY NATIONAL BANK OF CONNECTICUT *v.*
TRAFFIC ENGINEERING ASSOCIATES, INC., ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued February 5—decision released March 19, 1974

*Ralph S. Kantrowitz,* with whom was *Jonathan D. Kantrowitz,* for the appellant (defendant The Arnold Company, Inc.).

*Howard R. Matzkin,* with whom was *Richard A. Danen,* for the appellee (plaintiff).

SHAPIRO, J. In this action, following a judgment ordering a foreclosure by sale, the Superior Court, pursuant to a motion made, determined priorities among the defendants with respect to the payment of any sums remaining from the sale in excess of the amount due the plaintiff. There followed a supplemental judgment in which the sale was ratified and the proceeds therefrom ordered distributed.

From that judgment, the defendant The Arnold Company, Inc., hereinafter called Arnold, has appealed.

The court found the following facts: A foreclosure action was brought by The City National Bank of Connecticut, successor to the Waterbury National Bank, made returnable to the Superior Court on the third Tuesday of August, 1972, and involved real property in Naugatuck belonging to the defendant Traffic Engineering Associates, Inc., hereinafter called Traffic Engineering. On March 9, 1971, the Waterbury National Bank, in an earlier, separate action for money borrowed, had placed an attachment on this realty. On June 3, 1971, the Waterbury National Bank and the City Trust Company consolidated and merged into a new national banking association under the name of The City National Bank of Connecticut. On September 29, 1972, the court decreed a judgment of foreclosure by sale to take place on November 11, 1972. On January 2, 1972, Arnold had filed an attachment lien covering the property in question, obtained a judgment on June 2, 1972, against Traffic Engineering in the amount of $1493.03 with costs, and on June 7, 1972, placed a judgment lien on record. On October 20, 1972, predicated on its attachment of March 9, 1971, the Waterbury National Bank obtained a judgment against the defendant Traffic Engineering in the amount of $36,407.05 with costs. On January 9, 1973, it filed a judgment lien which recited: "This lien is filed four (4) months after such judgment was rendered, and the same real estate herein described was attached in said action on the 9th of March, 1971." After payment of all expenses of the sale there remained in the hands of the clerk of the court a balance of $5911.79 for distribution, and on

January 24, 1973, based on a motion filed December 27, 1972, by Arnold, the court determined that the Waterbury National Bank equitably was entitled to have priority to this sum as against Arnold.[1]

On these facts the court concluded that the plaintiff, successor to the Waterbury National Bank, has priority over Arnold with respect to the balance in the hands of the clerk; that during the four-month period after the rendition of the judgment in favor of Arnold, the plaintiff could offer evidence of its judgment and obtain priority over Arnold; that the plaintiff perfected its attachment lien by filing a judgment lien within the four-month period and before any determination as to priorities; and that the plaintiff is equitably entitled to the funds on hand over Arnold and the latter has not been prejudiced in any way by any failure on the part of the plaintiff.

The defendant Arnold made the claims that on January 5, 1973, at the time of the hearing on the motion for establishment of priorities, it had priority over the Waterbury National Bank because it had perfected its lien, whereas the Waterbury National Bank had not; that the judgment lien, thereafter filed by that bank, was filed at a time when the property no longer belonged to Traffic Engineering, the judgment debtor of the Waterbury National Bank, hence that bank could make no levy of execution against the property and therefore the

---

[1] We note that the supplemental judgment of the court discloses that the payment of $5911.79 was ordered paid to "City National Bank, Successor to the Waterbury National Bank." We also point to the court's finding that the Waterbury National Bank and the plaintiff are one and the same and a certificate of consolidation had been placed on record in Naugatuck. The consolidation, change of name and merger were conceded by the parties.

judgment lien was invalid pursuant to the provisions of General Statutes § 49-45; that the priority between the Waterbury National Bank and Arnold should have been established on September 29, 1972, at the time judgment of foreclosure was rendered; and that the Waterbury National Bank had been guilty of laches for not filing its judgment lien until long after judgment of foreclosure had been rendered, the property had been sold and the proceeds of the sale were awaiting distribution.

Section 49-44 is entitled "Recording of judgment lien. When it holds from attachment." It provides that any person having an "unsatisfied judgment" may cause a certificate to be filed in the form prescribed by the statute and that to secure the amount due a judgment lien "is hereby placed" upon the real estate described in the certificate. The statute continues, in part, as follows: "Such judgment, from the time of filing such certificate, shall constitute a lien upon the real estate described in such certificate; and, if such lien is placed upon real estate attached in the suit upon which such judgment was predicated and within four months after such judgment was rendered, it shall hold from the date of such attachment," if the judgment lien contains a clause referring to and identifying such attachment, substantially in the form recited therein. "In *Beardsley* v. *Beecher,* 47 Conn. 408, decided the year after the law was first enacted [Public Acts 1878, c. 58, authorizing judgment liens to be filed against real estate; now § 49-44 et seq.], the nature of this lien was discussed, and it was pointed out that the lien was intended as a substitute for proceedings by way of execution, to be adopted at the option of the creditor, and that it did not constitute a continuance of the attachment lien even when

placed upon the property attached, but was a separate lien which, if filed upon that property and within the time fixed, would relate back to the time of the attachment. See also *Ives* v. *Beecher*, 75 Conn. 564, . . . [54 Atl. 207]." *City National Bank* v. *Stoeckel*, 103 Conn. 732, 736–37, 132 A. 20; see 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 52 (b), p. 522, and 2 Stephenson, op. cit., § 218 (e), p. 937.

Although every attachment takes precedence over any subsequent attachment, each must be perfected by a timely issue and levy of execution upon the property attached. *Coit* v. *Sistare*, 85 Conn. 573, 578, 84 A. 119. In the present case, both the bank and Arnold perfected their respective attachments by obtaining judgments and by timely recording their judgment liens. While it is true that Arnold's judgment lien preceded that of the bank as to the date of recording, where, as here, specific property was properly seized under each attachment, the bank's judgment lien, although obtained at a date later than the date of the judgment lien obtained by Arnold, related back to the bank's original attachment and took precedence over Arnold's judgment lien, which related back to an attachment subsequent to that of the bank. See *Pezas* v. *Pezas*, 151 Conn. 611, 617, 201 A.2d 192.

Arnold relies on § 49-45[2] in its claim that since the bank's judgment lien "was filed at a time when the property no longer belonged to . . . Traffic Engineering Associates, Inc., and hence no levy of execution could be made against such property . . .

---

[2] "[General Statutes] Sec. 49-45. LIEN ONLY ON LAND LIABLE TO EXECUTION AT DATE OF JUDGMENT. No such lien shall be valid as to any real estate, or any interest therein, which might not have been levied upon under an execution on the same judgment, at the date of filing such lien."

and, therefore the judgment lien was invalid" in accordance with that statute. We do not construe § 49-45 in that manner. That statute is applicable to the real estate itself and not to its title ownership. The provision that no lien would be valid as to any property which might not have been levied upon under an execution was intended to describe the property which might be subjected to the lien. *Hobbs* v. *Simmonds,* 61 Conn. 235, 238, 23 A. 962. "[T]he property attached and in the custody of the law is considered as security for the satisfaction of the plaintiff's judgment, should he obtain one." *Coit* v. *Sistare,* supra.

Arnold makes the further claim that the priority between it and the bank should have been established on September 29, 1972, the date on which the court rendered judgment relative to the motion made by Arnold for the foreclosure by sale. The judgment of September 29, 1972, ordered that the property be sold "as a whole, free and clear of the mortgage herein being foreclosed and of all claims subsequent in right thereto, the holders of which are bound by this action." Section 49-27 provides, in part: "The proceeds of each such [foreclosure] sale shall be brought into court, there to be applied if the sale is ratified, in accordance with the provisions of a supplemental judgment then to be rendered in such cause, specifying the parties who are entitled to the same and the amount to which each is entitled." The record indicates that the proceedings here were in strict accord with this section. "The decree of foreclosure by sale should not adjudicate the rights of the parties to the funds realized; those rights should be determined by way of a supplemental judgment. *City National Bank* v. *Stoeckel,* 103 Conn. 732, 744, 132 A. 20." *Gault*

v. *Bacon,* 142 Conn. 200, 203, 113 A.2d 145. In the present case, the bank properly had filed its judgment lien on January 9, 1973. On January 24, 1973, in a supplemental judgment, the court determined that the bank was equitably entitled to priority to the remaining sums of money as against Arnold. The motion for establishment of priorities was argued before the court on January 5, 1973, and closed with briefs on January 14, 1973, and the decision thereon was rendered January 24, 1973. The procedure followed by the court was correct. Clearly, it would have been improper for the court to determine priorities on September 29, 1972.

The final claim is that the bank "had been guilty of laches for not filing its judgment lien against Traffic Engineering Associates, Inc., . . . until long after judgment of foreclosure had been rendered, the property had been sold and the proceeds of the sale were awaiting distribution." The short answer to this claim is that the bank filed its judgment lien in accordance with statutory requirements and since that lien related back to the time of its attachment made on March 9, 1971, and Arnold's lien related back to its attachment made on January 2, 1972, Arnold has no cause to complain that its rights were prejudiced or that the bank was guilty of laches.

There is no error.

In this opinion the other judges concurred.