## GLENFED MORTGAGE CORPORATION *v.* NANCY R. CROWLEY ET AL.
### (AC 21092)

Foti, Landau and Pellegrino, Js.

Considered September 27—officially released November 16, 2000*

---

* November 16, 2000, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Michele D. Sensale*, in support of the motion.

*Frederick J. Miano*, in opposition.

*Opinion*

FOTI, J. The defendants, Nancy R. Crowley and Frederick J. Miano,[1] appeal from the trial court's order of execution for ejectment following the court's supplemental judgment ratifying a mortgage foreclosure sale. The plaintiff, Glenfed Mortgage Corporation (Glenfed), now moves to dismiss the appeal as untimely and frivolous. We agree that the appeal should be dismissed as frivolous.

Glenfed commenced this foreclosure action against Miano and Crowley on November 14, 1995. On February 2, 1996, Glenfed filed a motion for a judgment of strict foreclosure and for possession. That motion was not heard, however, until April 14, 1998, because Miano filed for chapter thirteen bankruptcy on November 1, 1996. The filing of the bankruptcy petition stayed the

---

[1] Also named as defendants were the state of Connecticut energy conservation loan program, Shawmut Bank Connecticut, N.A., and the Internal Revenue Service. Furthermore, on April 14, 1998, the court granted the motion filed by Middlesex Hospital to be made a party defendant to the foreclosure action. Only Crowley and Miano have appealed.

trial court proceedings until the bankruptcy case was dismissed by the United States Bankruptcy Court for the District of Connecticut on February 26, 1997. On April 14, 1998, the court, *Hon. Daniel F. Spallone,* judge trial referee, denied Glenfed's motion for a judgment of strict foreclosure and rendered a judgment of foreclosure by sale. The court set a sale date of June 27, 1998. No appeal was taken from the judgment of foreclosure.

Thereafter, Miano again filed for bankruptcy. Glenfed then filed a motion in the Bankruptcy Court for relief from the bankruptcy stay. On August 11, 1998, the Bankruptcy Court granted Glenfed's motion for relief from stay to allow it to proceed with the foreclosure action.

On August 17, 1998, Glenfed filed a motion to open the judgment, which was granted by the court, *Arena, J.,* on August 31, 1998, and a new sale date of October 31, 1998, was set. Thereafter, Crowley filed for bankruptcy. Crowley's case was dismissed by the Bankruptcy Court on December 9, 1998. Glenfed then filed a motion to reopen the trial court's judgment on December 17, 1998. The court, *Arena, J.,* granted the motion on February 1, 1999, and set a new sale date of April 10, 1999.

On March 31, 1999, Miano filed for bankruptcy for the third time in almost two and one-half years. The Bankruptcy Court modified the automatic stay on June 1, 1999, to allow Glenfed to proceed with the foreclosure action. Subsequently, Glenfed filed another motion to reopen the trial court's judgment, which was granted by the court, *Arena, J.,* on June 29, 1999, and a September 11, 1999 sale date was set.

The September 11, 1999 sale apparently did not proceed because Glenfed filed a motion to reopen on October 26, 1999, claiming that Miano's bankruptcy case had been dismissed and the stay lifted.[2] On November 3,

---

[2] The Bankruptcy Court dismissed Miano's bankruptcy case with prejudice and ordered that Miano not file a bankruptcy petition for a one year period following October 15, 1999.

1999, the court, *Munro, J.*, granted Glenfed's motion and set a January 29, 2000 sale date.

The sale of the property took place on January 29, 2000. On February 11, 2000, the committee for sale filed a motion for approval of the committee sale, approval of the committee deed, acceptance of the committee report, allowance of fees and expenses, and allowance of the appraiser's fee. The court, *Arena, J.*, granted the committee's motion on March 13, 2000. No appeal was taken from the approval of the sale.

Thereafter, the court rendered a supplemental judgment on May 5, 2000, ratifying and confirming the sale, approving the conveyance, and ordering Miano and Crowley to deliver the property to the purchaser. Notice of the supplemental judgment was issued to all parties of record on May 10, 2000. On May 30, 2000, during the appeal period, Miano filed a motion to reargue the rendering of the supplemental judgment. At some point prior to June 12, 2000, however, Miano marked off the motion to reargue.[3] No appeal was taken from the supplemental judgment ratifying the sale.

On July 28, 2000, the court, *Schuman, J.*, signed an order of execution for ejectment, with notice sent to all parties of record on August 3, 2000. Miano and Crowley then appealed from the ejectment order on August 11, 2000. Glenfed, on August 21, 2000, filed a motion to dismiss the appeal, to which Miano and Crowley now object.

On appeal, Miano and Crowley claim that an execution of ejectment order should not have issued because a motion to reargue the supplemental judgment ratifying the sale had been filed during the appeal period, and the trial court has yet to act on it. Miano and Crow-

---

[3] Handwritten on the motion to reargue, in the court file, is a notation by a court clerk that the motion was "marked off by attorney Miano previous to [June 12, 2000]."

ley are correct in stating that the timely filing of the motion to reargue tolled the appeal period. See Practice Book § 63-1 (c) (1). They fail to consider, however, that Miano's marking off of the motion to reargue and then waiting until the execution of ejectment order had issued before filing an appeal resulted in the defendants' filing of a frivolous appeal, as there is no good faith argument that can be raised on appeal in light of Miano's marking off the motion to reargue. If we were to determine that a party could properly suspend the time to appeal indefinitely by employing that tactic, we would invite abuse of our appellate rules.

Under the facts of this case, Miano and Crowley had several opportunities to file an appeal prior to the execution of ejectment order. The first appealable judgment was the judgment of foreclosure by sale. See *Hartford National Bank & Trust Co.* v. *Tucker*, 178 Conn. 472, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980); *Connecticut National Bank* v. *Browder*, 30 Conn. App. 776, 622 A.2d 588 (1993). In this case, the judgment of foreclosure by sale was rendered by the trial court on April 14, 1998, and rendered again on August 31, 1998, February 1, 1999, June 29, 1999, and November 3, 1999. Neither Miano nor Crowley timely appealed from the initial entry of judgment or from any of the subsequent judgments that set new sale dates.

The second appealable judgment from which Miano and Crowley could have appealed was the judgment approving the sale. See *Second National Bank of New Haven* v. *Burtchell*, 166 Conn. 388, 349 A.2d 831 (1974); *Danbury Savings & Loan Assn., Inc.* v. *Hovi*, 20 Conn. App. 638, 569 A.2d 1143 (1990). The court approved the sale of the property in this case on March 13, 2000. Neither Miano nor Crowley took an appeal from the approval of the sale.

Another appealable judgment in this case was the supplemental judgment ratifying and confirming the sale. See *City National Bank* v. *Traffic Engineering Associates, Inc.*, 166 Conn. 195, 348 A.2d 637 (1974); *Bryson* v. *Newtown Real Estate & Development Corp.*, 153 Conn. 267, 216 A.2d 176 (1965); *Gault* v. *Bacon*, 142 Conn. 200, 113 A.2d 145 (1955). On May 5, 2000, the court rendered a supplemental judgment ratifying and confirming the sale, and approving the conveyance of the property. Notice of the supplemental judgment was mailed to the parties of record on May 10, 2000. Instead of taking advantage of this third opportunity to appeal, Miano, in what appears to us to be a delay tactic, filed a motion to reargue the supplemental judgment ratifying the sale and subsequently marked off the motion.

Miano and Crowley now appeal from the July 28, 2000 order of execution for ejectment.[4] Through their pattern of delay tactics, Miano and Crowley were able to postpone the sale of the property, thereby delaying Glenfed's ability to obtain the judgment that it was awarded. They are now attempting to delay their ejectment by filing this appeal at the eleventh hour.

Because the appellants marked off their motion to reargue and had not reclaimed it as of the time the trial court issued the execution order, we hold that this appeal is frivolous and that there now is no good faith claim that can be raised on appeal. Furthermore, Miano and Crowley cannot expect this court to allow them to benefit from their pattern of delay tactics. See *Wilton* v. *McGovern*, 33 Conn. App. 517, 521, 636 A.2d 870 (dismissing appeal because court could not envision good faith argument that defendants could have made when they failed to timely appeal from foreclosure judgment, but rather filed numerous postjudgment motions

---

[4] Notice of the order of execution of ejectment was sent to the parties of record on August 3, 2000.

and two appeals), cert. denied, 228 Conn. 929, 640 A.2d 116 (1994).

The plaintiff's motion to dismiss the appeal is granted.

In this opinion the other judges concurred.